UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| IN RE: | CASE NO. 15-60120 |
|---|---|
| SHANNON RENEE' FOUTS, | CHAPTER 7 |
| Debtor(s). | JUDGE FRANK W. VOLK |

## MEMORANDUM OPINION AND ORDER

Pending are (1) the United States Trustee's motion to dismiss, filed November 18, 2015, and (2) Debtor Shannon Renee' Fouts' motion to continue, filed January 6, 2016.

I.

On September 10, 2015, Ms. Fouts petitioned for relief under Chapter 7. She had, individually or jointly, previously petitioned for relief as reflected below:

| 97-40477 | Shannon Fluharty | 8/19/1997 | Debtor was represented by counsel and received a discharge on December 17, 1997. |
|---|---|---|---|
| 05-40478 | Douglas and Shannon Fouts | 8/26/2005 | Debtors were represented by different counsel and received a discharge on December 1, 2005. |
| 08-40194 | Douglas and Shannon Fouts | 7/31/2008 | This Chapter 13 case, filed with the aid of counsel, was dismissed on December 18, 2008, for failure to file an amended Plan. |
| 10-40047 | Douglas and Shannon Fouts | 2/22/2010 | This Chapter 13 case, filed *pro se*, was dismissed on April 26, 2010, for failure to file a plan. |
| 10-40188 | Douglas and Shannon Fouts | 6/14/2010 | This Chapter 13 case, filed *pro se*, was dismissed on August 3, 2010, for failure to file a plan. |

5

| 14-60147 | Shannon Fouts | 10/2/2014 | This Chapter 13 case, filed *pro se*, was dismissed on November 19, 2014, for failure to file a plan. |
|---|---|---|---|
| 14-60181 | Shannon Fouts | 12/2/2014 | The Chapter 7 Trustee moved to dismiss this *pro se* case after Ms. Fouts failed to appear at the 341 meeting of creditors. She was apparently given three opportunities to do so. The court granted dismissal on June 5, 2015. |

In the instant case, Ms. Fouts failed to file a credit counseling certificate with her petition.[1] She alleged exigent circumstances merited a temporary waiver of the credit counseling requirement. The exigent circumstance was apparently a lack of Internet access. She planned to take the credit counseling course the following weekend. Notably, the form on which Ms. Fouts presented her exigent circumstance states pertinently:

> If your certification [regarding the exigent circumstances] is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case . . . . Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving credit counseling briefing.

On September 11, 2015, the Court sent a notice to Ms. Fouts directing her to file a credit counseling certificate by October 10, 2015. Following the filing of the instant motion to dismiss on November 18, 2015, the Court, on November 19, 2015, set a hearing thereon for

---

[1] Ms. Fouts defaulted on other filing obligations, omitting her (1) Verification of Mailing Matrix; (2) Means Test Form 22A; (3) Statement of Intent; (4) Pay Stub; (5) Schedule C; and (6) the Statement of Financial Affairs. She was provided notice of these omissions on September 11, 2015.

2

January 7, 2016. On January 4, 2016, Ms. Fouts contacted the Clerk's office by phone, noting a work conflict and requesting permission to fax in a motion to continue, along with her credit counseling certificate. The Court authorized the filing by facsimile. Ms. Fouts, however, failed to transmit the two documents until 3:15 p.m. on January 6, 2016, the day prior to the hearing.

On January 7, 2016, the Court heard the United States Trustee's motion to dismiss. Ms. Fouts did not attend.

## II.

Regarding the United States Trustee's motion to dismiss, the matter is governed by 11 U.S.C.A. § 109(h), which provides pertinently as follows:

> (1) . . . [A]n individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.
>
> . . . .
>
> (3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that--
>
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.
>
> (B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date

3

that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

11 U.S.C. § 109(h)(1) and (3).

Section 109(h) requires a filer desiring debtor status to complete mandatory credit counseling. *See, e.g., In re Mitrano*, 409 B.R. 812, 818 (E.D. Va. 2009) ("The credit counseling requirement is part of an overall matrix of requirements and is central, not peripheral, to the bankruptcy process since compliance with Section 109(h) is a prerequisite to obtaining relief under the bankruptcy code."). The failure to do so is typically fatal to the petition. *See, e.g., In re Holsinger*, 465 B.R. 775, 777–78 (Bankr. W.D. Va. 2012) ("If a debtor does not satisfactorily satisfy all elements of § 109(h)(3)(A), and does not undergo credit counseling as required under § 109(h)(1), she will be ineligible to be a debtor, and the case may be dismissed.").

As subsections 109(h)(3) and (4) indicate, there are potential safe harbors available to a filer who does not comply initially with section 109(h)(1). Assuming Ms. Fouts demonstrated all three requirements found in section 109(h)(3)(A), thus meriting a temporary waiver of the credit counseling requirement, she still does not qualify as a "debtor" under the Bankruptcy Code. The temporary statutory waiver ceases "to apply to [a] debtor on the date on which the debtor meets the requirements of paragraph (1), *but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.* § 109(h)(3)(B) (emphasis added); *In re Carey*, 341 B.R. 798, 802 (Bankr. M.D. Fla. 2006).

Despite the warnings on the form that Ms. Fouts executed, as well as the notice sent by the Court, she did not complete her credit counseling until October, 20, 2015. She did not file it until January 5, 2016. Inasmuch as October 20, 2015, is more than 30 days after the petition

4

date of September 10, 2015, and inasmuch further as the Court did not otherwise extend the applicable deadline, Ms. Fouts' temporary waiver expired. Additionally, the Court concludes that the lack of Internet access, without further elaboration, is unsatisfactory inasmuch as Ms. Fouts did not follow through in a timely manner as promised to secure the necessary counseling via the Internet. Consequently, she has not satisfied the requirements of section 109(h), and she is ineligible for debtor status under Title 11.

It is **ORDERED** that the United States Trustee's motion to dismiss be, and hereby is, **GRANTED**. Additionally, the continuance sought by Ms. Fouts would not aid her cause. It is thus further **ORDERED** that the motion to continue be, and hereby is, **DENIED**. The above-captioned bankruptcy case is **DISMISSED** and **STRICKEN** from the docket.

The Clerk is directed to transmit this written opinion and order to counsel of record, the debtor, and any other individuals entitled to notice.

DATE: January 27, 2016

*Frank W. Volk*
Frank W. Volk
United States Bankruptcy Judge

5